UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vernon Samuel Brown, | ) | C/A No.  9:13-3376-MGL-BM |
| *a/k/a Vernon S. Brown,* | ) | |
| *a/k/a Vernon Brown,* | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Bush, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, Vernon Samuel Brown, brings this action *pro se* and *in forma pauperis* seeking habeas relief.  Petitioner is a state prisoner incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC").  Petitioner filed two Petitions, one pursuant to 28 U.S.C. § 2241 and another pursuant to 28 U.S.C. § 2254[1], requesting that his SCDC disciplinary conviction be overturned.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Proceedings in the United States District Court,[2] the Anti–Terrorism and Effective Death Penalty Act

---

[1]These Petitions concern the same disciplinary conviction and appear to request the same relief.  Although Petitioner listed additional respondents (Disciplinary Hearing Officer Sharon Patterson and Counsel Substitute Williams) on his § 2241 Petition, only Warden Bush is listed as the Respondent on the docket in this action because a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

[2]*See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).



of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even when considered under this less stringent standard, the Petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Petitioner alleges that he was convicted on the disciplinary charge of threatening to inflict harm on an SCDC employee (SCDC Institutional Charge Number 809). To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In the case of a prison disciplinary conviction, when the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).



2

It is unclear from the Petitions whether Petitioner lost any earned sentence related credits (such as earned good time or work credits)[3] or that the disciplinary proceeding resulted in an increase in the sentenced imposed.  On the § 2254 Petition, Petitioner wrote that he was sentenced to "360 [days] disciplinary detention" ( ECF No. 1-2 at 1), but does not allege that he lost any earned sentence related credits.  Petitioner checked a box indicating that his § 2241 Petition concerns a "prison disciplinary action or other action resulting in loss of good-time credits" (ECF No. 1-2 at 1), but does not specify how many (if any) earned good-time credits he lost. He has not requested that any earned sentence related credits be restored.[4]  If Petitioner's disciplinary conviction did not result in the loss of any earned sentence related credits or an increase in the sentence imposed, this action should be summarily dismissed.[5]

Conversely, if Petitioner's disciplinary proceedings resulted in the loss of earned sentence related credits or resulted in an increase in the sentence imposed, this action is subject to summary dismissal because Petitioner has not exhausted his available state remedies.  A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are

---

[3]"[A]n inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest." *Howard v. South Carolina Dep't of Corr.*, 733 S.E.2d 211, 217 (S.C. 2012).

[4]Additionally, to the extent Petitioner only alleges a violation of SCDC policy/procedure or state law, this action may be subject to dismissal.  Petitioner asserts that there were "technicalities" on the SCDC Incident Report and the disciplinary hearing officer violated SCDC policy/procedure by not dismissing the disciplinary charge based on a technicality.  Federal habeas relief is not available for alleged violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[5]Since Petitioner seeks "to have [his] disciplinary conviction overturned", the Court cannot construe his petition under 42 U.S.C. § 1983 in order to allow it to proceed. See Muhammed v. Close, 540 U.S. 749, 754-755 (2004); Harrison v. Cotter, No. 11-2592, 2011 WL 7111146 at * 3 n. 3 (D.S.C. Dec. 22, 2011), adopted by, 2012 WL 258135 (D.S.C. Jan. 27, 2012).

a petition for writ of habeas corpus under § 2254 and possibly, but less commonly, a petition for writ

of habeas corpus under § 2241,[6] either of which can be sought only after a petitioner has exhausted

state court remedies with regard to the conviction and sentence at issue. *See* 28 U.S.C. § 2254(b);

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under

28 U.S.C. § 2241).[7]  For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to

§ 2244(d).   Despite the absence of an exhaustion requirement in the statutory language of

§ 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction

in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies

before filing a federal habeas petition, and federal courts should abstain from the exercise of that

jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in

the state court or by other state procedures available to the petitioner in an administrative proceeding,

at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484

(1973).  Therefore, exhaustion is required under either statute.

---

[6]Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08–607–RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008).

[7]Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir.2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. App'x 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date.

4

Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the South Carolina Administrative Law Court ("SCALC"), rather than through a post-conviction relief ("PCR") application filed in circuit court. *See Al–Shabazz v. State*, 527 S.E.2d 742, 752 (S.C. 2000). Accordingly, Petitioner's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al–Shabazz*, with appeal to the state appellate courts. *Al–Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C.Code Ann. § 1–23–610(A)(1).[8]

Here, it is clear from the information provided on the Petitions that Petitioner has failed to exhaust his state remedies. Petitioner states he filed a step-one SCDC grievance, but it was sent back to him unprocessed, he did not appeal the final decision of the SCDC to the SCALC, he did not appeal the final decision of the SCALC to the South Carolina Court of Appeals, and he did not appeal the final decision of the South Carolina Court of Appeals to the South Carolina Supreme Court. ECF No. 1-2 at 6-7. Based on Petitioner's failure to fully exhaust his remedies with the SCDC or to exhaust his state court remedies, this action should be dismissed.

---

[8]This procedure, which applies to most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17–27–10, *et seq.*; Rule 243, SCACR.

## Recommendation

Accordingly, it is recommended that the instant Petitions for a Writ of Habeas Corpus, be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

April 23, 2014
Columbia, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

